IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN WILLIAMS, on behalf of himself and all other similarly situated employees or former employees of A&A Used Tires, LLC, CHARLES DAVID ROGERS, on behalf of himself and all other similarly situated employees or former employees of A&A Used Tires, LLC, and JOHN DUNGY, on behalf of himself and all other similarly situated employees or former employees of A&A Used Tires, LLC, <br><br>  Plaintiffs, <br><br> v. <br><br> A&A USED TIRES, LLC, and MICHAEL SCIVALLY, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 5:12-cv-3836-JHE ) ) ) ) ) |

## MEMORANDUM OPINION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, case in which the plaintiffs, John Williams, Charles David Rogers, and John Dungy, seek payment from their employer, A&A Used Tires, LLC, and Michael Scivally, (hereinafter collectively "A&A"), for unpaid overtime wages, compensatory and punitive damages, and attorney's fees and costs pursuant to 29 U.S.C. §§ 201-209 and 29 U.S.C. § 215(3). (*See* Amended Complaint, Doc. 18). Plaintiff Rogers also alleges retaliatory discharge in violation of the Alabama Workers' Compensation Act, Ala. Code § 25-5-11 (1975) and seeks compensatory

and punitive damages. *Id.* The case is now before the court on the parties' "Joint Motion to Approve Settlement" ("Joint Motion," Doc. 21). The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the court approves the parties' settlement and grants the motion to approve the joint stipulation of dismissal.

## FACTS

The plaintiffs were employed by A&A during various periods of time from 2011 through 2013.[1] The plaintiffs allege A&A violated the FLSA by not paying them overtime wages during their employment with A&A. Doc. 21 at 4. Plaintiff Rogers also alleges he was retaliated against in violation of the Alabama Workers' Compensation Act. *Id*.

The defendants deny the plaintiffs worked "overtime for which they were entitled to overtime wages." *Id*. The defendants also deny they retaliated against Rogers in violation of the Alabama Workers' Compensation Act. *Id.* The parties have engaged in discovery and the defendants have provided a significant amount of documentary evidence to plaintiffs' counsel for their review. *Id.* at 5. For purposes of this settlement, the defendants have agreed to offer "full compensation for each Plaintiff on their FLSA claims," and to provide "monies . . . for their costs and an attorneys' fee." *Id*. at 5.

---

[1] Plaintiff John Williams was employed by A&A from April or May, 2012, through October 26, 2012. Plaintiff Charles David Rogers was employed by A&A from October, 2012, through April, 2013. Plaintiff John Dungy was employed by A&A from August, 2011, through August, 2012. Doc. 18 at 3-4.

The parties "jointly submit to the Court that this is a case in which the proposed settlement represents that a 'reasonable compromise over issues,' such as FLSA coverage or computation of back wages that are 'actually in dispute,' such that the Court may approve the settlement, 'in order to promote the policy of encouraging settlement of litigation' and/or it is a case where a plaintiff is offered full compensation on their FLSA claim, in which no compromise would be involved and judicial approval would not be required at all." The plaintiffs maintain the defendants have offered them "full compensation . . . on their FLSA claims" in the following amounts:

| Plaintiff | Settlement Amount |
|---|---|
| John Williams | $9,250.00 |
| Charles David Rogers | $5,250.00 |
| John Dungy | $1,000.00 |

The defendants have also agreed to pay attorneys' fees and costs in the amount of $9,500.00 to plaintiffs' counsel.

## ANALYSIS

The FLSA provides employees are generally entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of 40 per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the court stated "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

The parties have a legitimate dispute over whether the plaintiffs worked "overtime for which they were entitled to overtime wages." The defendants' offer of "full compensation for each Plaintiff on their FLSA claims" under which the plaintiffs will receive full back pay and liquidated damages in the amounts set out above is an appropriate amount for the disputed overtime pay.

Also included in the settlement is the agreed-upon attorneys' fee of $9,500.00. "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*,

No. 6:10-cv-457-Orl-31KRS, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010)(quoting *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)).  Because the plaintiffs are receiving full compensation on their FLSA claims, their recovery clearly was not affected by the amount of the attorneys' fee.  Although the court could approve the settlement without considering the reasonableness of the attorneys' fee, the court has considered the amount of the fee and finds it to be reasonable.

## CONCLUSION

Premised on the foregoing, the court finds the proposed settlement to be fair and reasonable under the circumstances as to the plaintiff and claimants.  The settlement is due to be approved and this matter dismissed with prejudice.

DONE this 13th day of December, 2013.

_____
JOHN H. ENGLAND, III
UNITED STATES MAGISTRATE JUDGE